UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00223-GNS-RSE

ANTONIO GILES ELLISON                                                                         PETITIONER

v.

WARDEN KATHY LITTERAL                                                      RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (DN 19) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 18). For the following reasons, the Magistrate Judge's Report and Recommendation ("R&R") is **ADOPTED**, Petitioner's Objection is **OVERRULED**, and Petitioner's Petition for Writ of Habeas Corpus (DN 1) is **DISMISSED WITH PREJUDICE**.

### I.     STATEMENT OF FACTS

On October 20, 2009, several Louisville Metro Police officers heard gunshots from a nearby alley and witnessed a vehicle leaving the scene. (R&R 2, DN 18). After the vehicle was stopped, Petitioner Antonio Giles Ellison ("Ellison") fled the vehicle, was pursued by law enforcement, and was eventually apprehended. (R&R 2). The remaining officers arrested the driver of the vehicle, Clinton Jones ("Jones"), and the backseat passenger, Dontay Rice ("Rice"). (R&R 2). A revolver, a small amount of cocaine, and multiple cell phones were recovered from the vehicle. (R&R 2). Meanwhile, the police discovered in the alley the body of Ricco Cunningham, who died from two gunshot wounds. (R&R 2).

On November 19, 2009, Ellison was indicted by a Jefferson County grand jury for complicity to murder, complicity to first-degree trafficking in a controlled substance while in possession of a firearm, and first-degree fleeing or evading the police. (R&R 1). Initially, Ellison,

1

Jones, and Rice were all tried together. (R&R 2). Just after opening arguments, however, the trial judge granted a mistrial in accordance with the "unanimous motion" of the defendants and the agreement of "each attorney, after consulting their client" to waive any double jeopardy arguments. (Order Granting Mistrial, DN 10-2, ID# 98). By contrast, Ellison contends that his attorney never advised him about the waiver of his double jeopardy claim. (Pet'r's Mem. Supp. Pet. 4, DN 9).

In the second trial of Ellison, Jones, and Rice, Ellison was found guilty of complicity to murder, facilitation to first-degree trafficking in a controlled substance while in possession of a firearm, and first-degree fleeing or evading the police. (R&R 2-3). The jury recommended a sentence of life imprisonment for the complicity to murder conviction, twelve months for the facilitation to trafficking conviction, and three years for the fleeing or evading conviction. (R&R 3). All sentences were ordered to run concurrently for a total sentence of life imprisonment. (R&R 3).

Ellison appealed his conviction to the Kentucky Supreme Court, alleging five claims, but his conviction was affirmed. (R&R 3). Ellison subsequently collaterally attacked his conviction alleging ineffective assistance of counsel pursuant to Kentucky Criminal Rule 11.42. (R&R 3). The Jefferson Circuit Court denied Ellison's motion for post-conviction relief, which was affirmed by the Kentucky Court of Appeals. (R&R 3).

## II. FEDERAL PROCEDURAL HISTORY

Ellison brings this Petition for Writ of Habeas Corpus alleging that the trial court: (1) violated his double jeopardy rights; (2) violated his right to counsel by limiting conversation with his attorney during a break; (3) erred in denying Ellison a separate trial; and (4) violated the Confrontation Clause with the admittance of statements of his non-testifying co-defendants. (Pet. Writ Habeas Corpus 3, DN 1). In the Findings of Fact, Conclusions of Law, and Recommendation,

the Magistrate Judge recommended that Ellison's Petition, his request for an evidentiary hearing, and a certificate of appealability all be denied. (R&R 20).

### III. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

### IV. STANDARD OF REVIEW

This Court reviews the state court proceedings for decisions that are contrary to or involved an unreasonable application of clearly established federal law or that involved an unreasonable determination of facts. 28 U.S.C. § 2254(d). General objections or the mere repetition of arguments already presented to the Magistrate Judge are construed as a failure to object. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

### V. DISCUSSION

#### A. Proposed Findings of Fact

Ellison objects to Judge Edward's proposed findings of fact and argues instead that his own facts as offered in his memorandum in support of his habeas petition (DN 9) should be adopted. (Pet'r's Obj. R&R 2). Ellison has, however, provided nothing to indicate any *specific* fact or facts offered in the R&R to be inaccurate. *See Chatman v. Litteral*, No. 5:16-CV-00177-GNS-LLK, 2017 WL 4330370, at *4 (W.D. Ky. Sept. 29, 2017) ("General objections have the same effect as would a failure to object—i.e., the Court may forego review of general objections, and general objections are insufficient to preserve the right to appeal." (citing *Mensah v. Mich. Dep't of Corr.*,

513 F. App'x 537, 538 (6th Cir. 2013))). Therefore, Ellison's objection to the R&R's proposed findings of fact is too general to warrant further consideration by this Court.

   B.   **Double Jeopardy**

Ellison objects to the Magistrate Judge's findings regarding his double jeopardy claim. (Pet'r's Obj. R&R 6). Specifically, he argues that an evidentiary hearing should have been granted to determine if his attorney consulted with him prior to waiving his double jeopardy rights. (Pet'r's Obj. R&R 6). Ellison further argues that the decision to consent to a mistrial and waive double jeopardy rights was not exclusively for his attorney to make. (Pet'r's Obj. R&R 6).

A hearing in this instance is not required to determine whether Ellison's attorney consulted with him prior to agreeing to a mistrial because a finding that Ellison was not consulted as his attorney reported would not change the outcome of this case. In *Watkins v. Kassulke*, 90 F.3d 138 (6th Cir. 1996), the Sixth Circuit held that where "defense counsel consents as a matter of trial strategy to a mistrial, that consent binds the defendant and removes any bar to reprosecution, *regardless of whether the defendant participates* in the decision." *Id.* at 143 (emphasis added). In his objection, Ellison correctly points out that in *Watkins*, the Court noted that the decision to waive a right is often a "time-sensitive assessment . . . that must ordinarily be made rapidly and in the heat of trial without any meaningful opportunity for consultation between counsel and defendant . . . ." *Id.* Even so, as in the present case, there is nothing in *Watson* to suggest the issue there was so time sensitive that counsel for the defendant was unable to consult with her client prior to consenting to a mistrial. *Id.* at 139-40. Finally, even under Ellison's account, he was in the courtroom and privy to the discussion between his counsel and the judge before his attorney agreed to a mistrial. This case is not one of counsel waiving a defendant's constitutional rights while the defendant remains completely in the dark.

4

Regardless of whether this Court accepts Ellison's contention that he was not consulted by his counsel on this issue, the decision of whether to agree to a mistrial and waive double jeopardy claims was a matter of trial strategy appropriately left to Ellison's attorney. As such, the Magistrate Judge was correct to conclude that the Kentucky Supreme Court did not unreasonably apply federal law on the double jeopardy issue.

C.     **Right to Counsel**

Ellison objects to the Magistrate Judge's finding that his right to counsel was not violated when the trial judge partially limited his right to counsel during a 75-minute break in his testimony. (Pet'r's Obj. R&R 10). He primarily argues that, under established precedent, a lunch break is more like an overnight break than a shorter recess. (Pet'r's Obj. R&R 6).

The parties agree about the two cases that control here. In *Geders v. United States*, 425 U.S. 80 (1976), the Supreme Court held that "preventing petitioner from consulting his counsel 'about anything' during a 17-hour overnight recess between his direct-and cross-examination impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment." *Id.* at 91. On the other hand, in *Perry v. Leeke*, 488 U.S. 272 (1989), the Supreme Court held that it was constitutionally permissible to prevent the defendant from conferring with his counsel during a fifteen-minute break in his testimony. *Id*. at 280-85.

Here, Ellison was allowed to speak with counsel only on two topics prescribed by the trial judge during a 75-minute lunch break in his testimony. (R&R 10). Clearly then, this case falls in between the bookends established by the Supreme Court in *Perry* and *Geders*. As such, the Magistrate Judge concluded that the Kentucky Supreme Court did not unreasonably decide that a 75-minute break was closer to *Perry* than *Geders*. Ellison now repeats his earlier argument that a lunch break is more like an overnight break during which trial strategy is assessed and altered if

5

needed. (Pet'r's Obj. R&R 13-14). While this may be true in some instances, Ellison's argument alone is not persuasive enough to convince this Court that the Kentucky Supreme Court *unreasonably* applied the relevant precedent here. After all, speaking only in terms of duration, the 75-minute recess here is much more akin to a 15-minute break than a 17-hour overnight recess.

D. **Confrontation Clause**

The Magistrate Judge concluded, as did the Kentucky Supreme Court, that admitting the confessions of Ellison's two co-defendants without proper redaction violated the Confrontation Clause.[1] (R&R 12). Even so, the Magistrate Judge and the Kentucky Supreme Court concluded this mistake was harmless error. (R&R 14). Ellison contends, however, that the prejudice to him was "overwhelming." (Pet'r's Obj. R&R 18).

In short, the confession of Ellison's co-defendants had little bearing on his case. Ellison's trial theory on the complicity to murder charge was one of self-defense. (R&R 3). Neither of Ellison's co-defendants stated that they were in the alley with Ellison when the murder occurred. *See Ellison v. Commonwealth*, No. 2013-SC-000518-MR, 2014 WL 7238821, at *4 (Ky. Dec. 18, 2014). Therefore, the confessions of the co-defendants were largely irrelevant since they offered no information to undermine Ellison's side of the story, namely that he acted in self-defense when killing Cunningham.

Ellison now contends that the wrongly admitted confessions were the only sources that proved he was "selling drugs on the day of the shooting," which supports the prosecutor's argument that Ellison may have killed Cunningham because he was "lower down the drug dealing food chain." (Pet'r's Obj. R&R 19). Ellison himself admitted on cross-examination that he

---

[1] Ellison argues as well that the his trial should have been severed from that of his co-defendants. This claim is similar to the Confrontation Clause claim and is adequately disposed of by the Court's analysis on this issue.

engaged in drug-dealing just earlier that month. (R&R 13). Therefore, the prosecution did not need the confessions of Ellison's co-defendants in order to make this motive argument.

Finally, Ellison argues that the confessions demonstrate that he had a gun prior to his encounter with Cunningham, which undermined his story that he did not have a gun and used Cunningham's in self-defense. (Pet'r's Obj. R&R 19). This argument overlooks key facts. Co-defendant Jones's confession stated that the gun *discovered in the car* belonged to Ellison. *Ellison*, 2014 WL 7238821, at *4. As such, this testimony casts no doubt on Ellison's story that he did not have a gun when he entered the alleyway to meet Cunningham.

In conclusion, Ellison has not shown that the Kentucky Supreme Court's harmlessness determination was an unreasonable application of clearly established law.

### E. Ineffective Assistance of Counsel

Ellison objects to the Magistrate Judge's findings that his trial counsel was not ineffective. (Pet'r's Obj. R&R 20). Specifically, he argues that his counsel failed to adequately advise him regarding the mistrial and his double jeopardy rights. (Pet'r's Obj. R&R 20).

For an ineffective assistance of counsel claim, the defendant must show (1) deficient performance, and (2) prejudice caused by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ellison's objection here is little more than a recitation of his arguments on appeal, in post-conviction court, and in his pre-R&R memorandums. As already analyzed above, waiving double jeopardy rights and consenting to a mistrial are part of a trial strategy best left in the hands of counsel. Without more, Ellison's counsel cannot be deemed deficient for choosing one tactic over another. Moreover, as further emphasized by the Magistrate Judge, Ellison has not even attempted to demonstrate that, but for counsel's alleged error, the ultimate

result would have been different. Therefore, his ineffective assistance of counsel claim is without merit.

F. **Certificate of Appealability**

The Magistrate Judge recommends that a certificate of appealability be denied on all grounds for relief raised by Ellison in his habeas petition because reasonable jurists would not disagree with the court's determinations. (R&R 18). Ellison has made no specific objections to this recommendation, and, based on the above analysis, this Court sees no reason to disagree with the Magistrate Judge.

VI. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 18) are **ADOPTED** as and for the opinion of this Court;

2. Petitioner's Objections (DN 19) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 18) are **OVERRULED**;

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED**;

4. A certificate of appealability is **DENIED** as to each of Petitioner's claims;

5. Petitioner's Motion for Evidentiary Hearing (DN 16) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

September 30, 2019

cc: counsel of record